IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-03317-SKC-SBP

NANCY PERALES,

    Plaintiff,

v.

DISH NETWORK L.L.C., a Colorado limited liability company,

    Defendant.

## DEFENDANT'S UNOPPOSED MOTION TO RESTRICT PUBLIC ACCESS

Defendant DISH Network L.L.C ("Defendant"), by and through its undersigned Counsel, and pursuant to D.C.COLO.LCivR. 7.2(b) and (c), hereby moves this Court to restrict public access to ECF No. 1 ("Complaint"), in its entirety, as Level 1 Restricted Document. As grounds for this Unopposed Motion, Defendant states as follows:

    1.    **D.C.COLO.LCivR 7.1(a) Certification**. Undersigned counsel certifies that she conferred with Plaintiff's counsel on December 26, 2024, regarding this Motion. Plaintiff does not oppose the relief sought herein.

    2.    **Artificial Intelligence (AI) Certification**. Undersigned counsel for DISH certifies that no portion of this filing was drafted by AI.

    3.    Plaintiff Nancy Perales ("Plaintiff") filed her Complaint, without any restriction level, on November 27, 2024.

4.      Defendant believes the Complaint, in its entirety, should be restricted from public access as the pleading contains the following:

5.      Numerous paragraphs—4-6, 39-40, 43-48, 50-56, 60-61, 64-66, 71-76, 80-83, 85-87, 89-99, 101, 103-105—contain highly-sensitive personal information identifying individuals who are not involved in this litigation, including identities of (alleged) accusers/accused, medical history, accommodation requests, (irrelevant) scandalous allegations, as well as employment and personnel information that is not readily available to the public or necessary for Plaintiff's claim.

6.      Public disclosure of the information contained therein could cause, and has caused, Defendant and individual non-parties to suffer embarrassment, humiliation, reputation, monetary and other significant injuries. Specifically, a media outlet published the inflammatory and scandalous allegations, including identifying a non-party, causing significant humiliation and reputational harm to an individual that is not involved in this litigation.

7.      Pleadings impacting third-party privacy rights have routinely been identified as sufficient grounds to restrict public access. *See, e.g.*, *U.S. v. Dillard*, 795 F.3d 1191, 1205-1206 (10th Cir. 2015) (recognizing privacy interest in personal medical information as basis for overcome presumption of public access); *Ubel v. Progressive Direct Ins. Co.*, No. 20-cv-00204-RM-NYW, 2020 WL 9432906, at *3 (D. Colo. Sept. 10, 2020) (unpublished) (finding privacy interest of non-parties outweighs

public disclosure of "confidential information related to employees who are not parties to the instant action").

8. Restriction should also be granted because Plaintiff agreed to submit any claim, including the present litigation, to confidential arbitration and that she would take "reasonable steps to ensure all pleadings, filing and papers" are filed "in a manner that would maintain their confidentiality". Thus, restriction particularly outweighs the presumption of public access in this matter. *See* ECF Nos. 5 and 11.

9. Due to the numerous confidential disclosures, and in light of Plaintiff's confidentiality obligations, DISH believes that no alternative to restricted access is practicable. However, if the Court is unwilling to restrict the Complaint (ECF No. 1) in its entirety, Defendant requests that all confidential information, *e.g.*, all non-party names be redacted.

WHEREFORE, Defendant respectfully requests that the Court apply a Level 1 Restriction for the Complaint (ECF No. 1), in its entirety, or in the alternative, redact all confidential information therein.

Respectfully submitted this 26th day of December 2024.

>*/s/ Meghan W. Martinez*
>Meghan W. Martinez
>MARTINEZ LAW GROUP, P.C.
>720 South Colorado Blvd.
>South Tower, Suite 1020
>Denver, CO 80246
>Phone: (303) 597-4000
>Fax: (303) 597-4001
>martinez@mlgrouppc.com

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 26th day of December 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Shelby Woods
Abby Zinman
HKM Employment Attorneys LLP
518 17th Street, Suite 1100
Denver, Colorado 80202
720.235.0105
swoods@hkm.com
azinman@hkm.com

*Attorneys for Plaintiff*

*/s/ Melyssa Richardson*
Melyssa Richardson